No. 16-6027

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA, Plaintiff-Appellee,

vs.

CARLOS DAVID CARO, Defendant-Appellant.

Appeal from the United States District Court for the Western District of Virginia
Hon. James P. Jones, District Judge, Presiding
Dist. Ct. No. 2:03CR10115

## UNOPPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE INFORMAL OPENING BRIEF

JON M. SANDS
Federal Public Defender
District of Arizona
TIMOTHY M. GABRIELSEN
Nevada Bar No. 8076
Assistant Federal Public Defender
407 West Congress Street, Suite 501
Tucson, Arizona 85701
tim_gabrielsen@fd.org
Tel. (520) 879-7614
Facsimile (520) 622-6844

FAY F. SPENCE
Virginia Bar No. 27906
First Assistant Federal Public Defender
210 First Street, SW, Suite 400
Roanoke, Virginia 24011
fay_spence@fd.org
Tel. (540) 777-0880
Facsimile (540) 777-0890

BRIAN J. BECK
Virginia Bar No. 78049
Assistant Federal Public Defender
201 Abingdon Place
Abingdon, Virginia 24211
brian_beck@fd.org
Tel. (276) 619-6080
Facsimile (276) 619-6090

*Counsel for Defendant-Appellant Carlos David Caro*

Defendant-Appellant Carlos David Caro, ("Appellant"), through counsel, respectfully moves pursuant to Fourth Circuit Local Rule 31(c) for an extension of time of 90 days in which to file his Informal Opening Brief in his non-capital appeal. By separate motion filed on this date, Appellant similarly requests that his Opening Brief in the related capital appeal, Fourth Cir. No. 16-1, also be extended 90 days. The present motion constitutes the second request for extension of time to file the Informal Opening Brief. *See* Fourth Cir. No. 16-6027, Docs. 13, 18.

Assistant United States Attorney Jean Hudson, counsel for Plaintiff-Appellee United States Government, consents to the granting of this motion. If this motion is granted by the Court, Appellant's Informal Opening Brief, which is currently due on or before August 19, 2016, will be due on November 17, 2016. This motion is being filed 16 days prior to the due date for Appellant's Brief. It is being filed for the purpose of providing adequate representation of Appellant, who is under a sentence of death, and not for purpose of delay.

In support, Appellant states the following:

His lead counsel, Assistant Federal Public Defender Gabrielsen, entered an appearance on May 2, 2016, in both Mr. Caro's capital and non-capital § 2255 appeals. Fourth Cir. No. 16-1, Doc. 19; Fourth Cir. No. 16-6027, Doc. 21. The entry of that appearance was necessitated by the withdrawal of prior lead counsel who left the employ of the Arizona Federal Public Defender's Office. *See* Fourth Cir. No. 16-1, Doc. 18; No. 16-6027, Doc. 20. Mr. Gabrielsen had no prior

1

familiarity with Mr. Caro's cases.

As the Court is aware, Appellant indicated in a letter to the district court that he preferred to cease his capital appeal. The letter was transmitted to this court, which requested Appellant's counsel to determine the sincerity of Appellant's request. *See* Fourth Cir. No. 16-1, Docs. 15, 16. Thus, Mr. Gabrielsen's first action was to determine the sincerity of Appellant's request to waive the appeal in his capital case and, as ordered by this Court, to report Mr. Caro's intention to the Court. Appellant's counsel reported in the Status Report filed on May 16, 2016, that Appellant expressed to his defense team by phone his desire to continue with his appeals. Fourth Cir. No. 16-1, Doc. 20. Mr. Gabrielsen travelled to USP-Terre Haute for a first in-person visit with Mr. Caro on June 3, 2016.

Mr. Gabrielsen is an attorney in the Capital Habeas Unit of the Arizona Federal Public Defender's Office. He was required to eliminate various matters on his calendar in order to now devote substantial time to the preparation of the opening briefs in Mr. Caro's capital and non-capital appeals. He has largely done so. In addition to Mr. Caro's non-capital and capital appeals, Mr. Gabrielsen serves as lead or sole counsel in six capital cases in Arizona, three of which are capital habeas corpus appeals pending in the United States Court of Appeals for the Ninth Circuit. Two of those cases were remanded to the United States District Court for the District of Arizona for a determination of whether the § 2254 petitioner could establish cause and prejudice in the form of state post-conviction

2

relief ("PCR") counsel's ineffectiveness, pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to excuse the procedural default of claims of ineffective assistance of trial counsel. In one of those cases, undersigned counsel's motion for reconsideration of an adverse judgment in the district court was denied on June 16, 2016. Counsel is preparing a motion for a certificate of appealability to be filed in the Ninth Circuit. The other *Martinez* case remanded by the Ninth Circuit remains pending in the district court, and counsel is awaiting decision from the Ninth Circuit on whether a third capital habeas appeal will be remanded pursuant to *Martinez*. Counsel directs an active investigation in that matter.

Mr. Gabrielsen is also preparing a petition for writ of certiorari in a capital case in which a state trial court denied relief on a successive PCR petition and the Arizona Supreme Court, on July 13, 2016, declined discretionary review. Counsel represented that prisoner in the Ninth Circuit and the United States Supreme Court, and additional federal post-conviction litigation is being considered in that case. Another capital habeas case in which Mr. Gabrielsen served as lead counsel in the Ninth Circuit and on certiorari is pending a state's appeal in the Arizona Supreme Court after a grant of relief on a successive state PCR petition by the Arizona state trial court. The United States District Court for the District of Arizona authorized the Arizona FPD's participation in the latter two capital state court matters pursuant to the appropriate protocol.

3

Mr. Gabrielsen was required to travel to St. Louis, Missouri, the week of June 20, 2016, for three days of specialized medical evaluations of counsel's minor child. An additional evaluation is scheduled for mid-August for a surgical procedure tentatively scheduled for late September 2016. The medical trip was followed by counsel's attendance at an MCLE event June 28 through July 1, 2016.

Co-counsel Spence and Beck have had their work on Mr. Caro's appeals impeded as well by other criminal matters in this Court and the United States District Court for the Western District of Virginia, especially the litigation of motions brought pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause in the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) is unconstitutionally vague. The Supreme Court made its decision in *Johnson* retroactive, thus precipitating the filing of successive § 2255 motions. *See Welch v. United States*, 136 S. Ct. 1237 (2016). A limitations period has run under § 2255(f)(3) whereby *Johnson* motions were required to be filed on or before the one-year anniversary of the decision in *Johnson*, which would have been June 25, 2016. From *Johnson*, it arguably follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, is also unconstitutionally vague. *See In re Hubbard*, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016). Some of the current *Johnson* cases constitute challenges to § 924(c) offenses.

4

As First Assistant, Ms. Spence's responsibilities have included the identification and assignment of a full range of *Johnson* cases within the Roanoke office and coordinating with the supervising attorneys in the Abingdon and Charlottesville offices to make sure that notices of new appointments in such cases have been received. She continues with her usual administrative duties as First Assistant in the Roanoke office. Ms. Spence has filed 22 *Johnson* motions in the district court, 12 of which are active. Ten have been stayed pending a decision of the Supreme Court, which granted certiorari in *Beckles v. United States*, U.S.S.Ct. No. 15-8544, 2016 WL 1029080 (June 27, 2016), to consider whether a defendant's conviction for possession of a sawed-off shotgun is a crime of violence for purposes of sentencing as a career criminal. In eight of those matters, Ms. Spence was required to file requests for authorization to file successive § 2255 motions. Ms. Spence maintains an additional caseload of 18 active cases, including a document-intensive fraud case that goes to trial on August 16, 2016.

Mr. Beck has opened 30 *Johnson* cases within the limitations period and disposed of eight of them. Mr. Beck has opened an additional 23 non-*Johnson* cases. He currently manages a caseload with 45 open cases.

Ms. Spence and Mr. Beck are now in a better position to assist lead counsel in the preparation of the Opening Briefs in Appellant's capital and non-capital appeals. Appellant's present counsel do not anticipate a need to request any additional time from the Court for the production of Appellant's Opening Briefs.

Mr. Gabrielsen has been in contact with Appellees' counsel, Assistant United States Attorney Jean Hudson.  Ms. Hudson indicated in an e-mail of July 19, 2016, that she, too, is involved in *Johnson* litigation and consents to the present request for extension of time.

WHEREFORE, Appellant respectfully requests that the Court grant this Motion for ninety (90) days from August 19, 2016, up to and including November 17, 2016, for the filing of Appellant's Informal Opening Brief in the non-capital § 2255 appeal.

Respectfully submitted this 3rd day of August, 2016.

s/Timothy M. Gabrielsen
Timothy M. Gabrielsen
Fay F. Spence
Brian J. Beck
Assistant Federal Public Defenders

Attorneys for Defendant-Appellant

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, I electronically filed the attached document with the clerk of Court using the CM/ECF System which will send notice of such filing to the following registered CM/ECF users:

Jean B. Hudson
Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902


s/Teresa Ardrey
Legal Assistant