**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6027**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CARLOS DAVID CARO,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (2:03-cr-10115-JPJ-1; 2:13-cv-80555-JPJ)

_____

Submitted:  February 14, 2017        Decided:  April 3, 2017

_____

Before GREGORY, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Timothy Michael Gabrielsen, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Tucson, Arizona; Fay Frances Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos David Caro seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Caro has not made the requisite showing. Although the district court denied relief on the merits, we deny a certificate of appealability because we conclude that Caro's § 2255 motion was untimely. See United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015) (recognizing that "we may affirm a

2

district court's ruling on any ground apparent in the record"). Contrary to Caro's assertion that his motion was timely under 28 U.S.C. § 2255(f)(4), we conclude that Caro knew of the facts supporting his ineffective assistance of counsel claim in February 2007, at the latest, and he did not file his § 2255 motion until January 2013. That Caro did not appreciate the significance of the information that he possessed until much later does not alter our analysis under § 2255(f)(4). See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

We also conclude that Caro is not entitled to equitable tolling of the limitations period. See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (recognizing that equitable tolling applies to limitations period for § 2255 motion). With respect to Caro's argument that he is entitled to equitable tolling based on his mental health diagnoses, he has not demonstrated that he suffered from "profound mental incapacity," such as "institutionalization or adjudged mental incompetence," during the running of the limitations period. United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (internal quotation marks omitted). Furthermore, insofar as Caro claims that equitable tolling should be applied based on

3

the ineffectiveness of his trial and appellate counsel in his capital case, nothing in the record suggests that Caro's capital counsel prevented him from timely raising his claim in a postconviction motion in this case. See Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that equitable tolling is appropriate only when the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). Moreover, Caro knew of the facts underlying his claim in February 2007, at the latest, and he failed to raise the claim in a postconviction proceeding until January 2013, which demonstrates a lack of diligence on his part.

Accordingly, we deny Caro's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4